[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]

United States Court of Appeals
 For the First Circuit

No. 98-1945

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 PHILLIP A. LAFOND,

 Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

 Before

 Selya, Circuit Judge,

Coffin, Senior Circuit Judge,

 and Lipez, Circuit Judge.

Roderick B. O'Connor, by appointment of the court, on brief
for appellant.
Margaret E. Curran, United States Attorney, Donald C. Lockhart
and Kenneth P. Madden, Assistant United States Attorneys, on brief
for the United States.

September 21, 1999

Per Curiam. In this criminal appeal, the defendant (who
did not move to withdraw his plea in the district court) asks us to
set aside his conviction and the guilty plea upon which it was
premised. He claims that he "fail[ed] to understand that the
conduct of others could be imputed to him" in calculating his
guideline sentencing range, and that, therefore, his guilty plea
was not knowing and intelligently made. Appellant's Brief at 6.
In our view, this claim is no more than a claim that the
defendant received a harsher sentence than he had anticipated. But
the record makes manifest that the appellant had ample warning. 
His assertion to the contrary is flatly contradicted both by the
relevant provisions of the plea agreement and by the painstaking
Fed. R. Crim. P. 11 colloquy conducted by the district court. The
claim also runs afoul of settled precedent. See, e.g., United
States v. De Alba Pagan, 33 F.3d 125, 127-28 (1st Cir. 1994). We
need go no further.

Affirmed.